## GALUMBECK
### v.
### SUBURBAN PARK STORES CORP. et al.
#### No. 6797.

United States Court of Appeals
Fourth Circuit.

Argued June 14, 1954.

Decided July 16, 1954.

Howard I. Legum, Norfolk, Va. (Louis B. Fine, Norfolk, Va., on brief), for appellant.

Bertram S. Nusbaum, Norfolk, Va. (Richard J. Alfriend, III, Norfolk, Va., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing an action as barred by the statute of limitations. The action was instituted to recover damages for breach of an agreement by the terms of which the defendant Cohen purporting to act as president of the Suburban Park Stores Corporation, a corporation which did not in fact exist, agreed to erect a gasoline station on property which he did not own and lease it to plaintiff for a period of ten years beginning May 1, 1941. The agreement was not a lease, but an agreement to erect a building and lease it; and it is clear that the agreement was breached when the defendant failed to erect the gasoline station and lease it to plaintiff in accordance with the terms of the agreement and that this breach occurred when there was a failure to do this by May 1, 1941, as provided in the agreement. As action was not instituted until more than ten years thereafter, it is clearly barred by the Virginia five year statute of limitations, Code 1950 Va. § 8–13. The contention that the agreement constituted a lease of the property, which defendant did not own and therefore could not lease, and that the statute began to run only from the termination of the term of the lease, is so lacking in merit as not to warrant discussion. Equally frivolous is the contention that the running of the statute

was tolled by the fact that defendant Cohen falsely represented that the Suburban Park Stores Corporation was a Virginia corporation and that it owned the property in question. The representation, if made, had no tendency to conceal the breach of the agreement sued on or prevent institution of suit to recover damages for any cause of action arising out of the breach, including the cause of action based on the alleged breach of warranty of authority by Cohen.

Affirmed.